# United States Court of Appeals for the Federal Circuit

06-3121

THOR WEATHERBY, III,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

W. Craig James, Mauk & Burgoyne, of Boise, Idaho, argued for petitioner.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director.

Appealed from:   United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

06-3121

THOR WEATHERBY, III,

                                                    Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

                                                    Respondent.

_____

DECIDED:  October 26, 2006

_____

Before MICHEL, <u>Chief Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

MICHEL, <u>Chief Judge</u>.

Petitioner Thor Weatherby, III appeals from a decision of the Merit Systems Protection Board ("Board") upholding the denial of his claim for enhanced annuity benefit credits as a firefighter. <u>Weatherby v. Dep't of the Interior</u>, No. SF-0842-05-0195-I-2 (M.S.P.B. July 29, 2005). Because the Board correctly found that neither the job descriptions of positions that petitioner held nor his actual primary duties met the statutory definition of "firefighter" under either the statute establishing the Civil Service

Retirement System ("CSRS") or the superseding Federal Employee Retirement System ("FERS"), we affirm.

## I.    BACKGROUND

Certain federal employees who work in unusually hazardous positions are entitled to enhanced retirement benefits.  For example, firefighters and law enforcement officers are eligible for voluntary retirement earlier than other federal employees, i.e., at any age if they have completed 25 years of service in a qualified position or at age 50 after 20 years of service.  See 5 U.S.C. §§ 8336(c), 8412(d).  In addition, they are entitled to a larger annuity.  See 5 U.S.C. §§ 8339(d), 8415(d).

Under CSRS, a "firefighter" is statutorily defined as:

> an employee, the duties of whose position are primarily to perform work directly connected with the control and extinguishment of fires <u>or the maintenance and use of firefighting apparatus and equipment</u>, including an employee engaged in this activity who is transferred to a supervisory or administrative position.

5 U.S.C. § 8331(21) (emphasis added).  Under FERS, a "firefighter" is:

> (A) an employee, the duties of whose position –
>
> > (i) are <u>primarily to perform work directly connected with the control and extinguishment of fires</u>; <u>and</u>
> >
> > (ii) are <u>sufficiently rigorous that employment opportunities should be limited to young and physically vigorous individuals</u>, as determined by the Director considering the recommendations of the employing agency; and
>
> (B) an employee who is transferred directly to a supervisory or administrative position after performing duties described in subparagraph (A) for at least 3 years.

5 U.S.C. § 8401(14) (emphasis added).

The implementing regulations mirror these statutory definitions.  See 5 C.F.R. §§ 831.902, 842.802.  In addition, the regulations describe how the "primary duties" of an employee's position are determined.  The following factors are to be considered:

06-3121                                    2

(1) whether those duties constitute the basic reasons for existence of the position; (2) whether they occupy a substantial portion of the individual's working time over a typical work cycle; and (3) whether they are regular and recurring. 5 C.F.R. §§ 831.902, 842.802. Duties of an emergency, incidental, or temporary nature, however, are not "primary," even if they occupy a substantial portion of the individual's time. 5 C.F.R. §§ 831.902, 842.802. In deciding whether an employee is eligible for firefighter retirement credit, the Board has adopted the "position-oriented" approach emphasized in the FERS statute that focuses on the reasons for the position's existence, based on the official job description as well as the employee's actual day-to-day duties. Dodd v. Dep't of the Interior, 94 M.S.P.R. 174, ¶ 12 (M.S.P.B. 2003); see also Watson v. Dep't of the Navy, 262 F.3d 1292, 1296 (Fed. Cir. 2001) (approving a similar analytic approach for law enforcement officers).

\* \* \*

Petitioner is employed by the Alaska Fire Service in the Bureau of Land Management, within the Department of the Interior ("agency"). Since July 26, 1984, he has held the following positions:

| 7/26/84–7/20/85 | Electronic Mechanic Helper | WG-2604-05 |
| 7/21/85–11/19/88 | Electronic Mechanic | WG-2604-11 |
| 11/20/88–10/5/91 | Electronic Mechanic | WG-2604-10 |
| 10/6/91–7/20/97 | Electronic Mechanic | WG-2604-11 |
| 7/21/97–9/7/02 | Telecommunications Specialist | GS-0391-11 |
| 9/8/02–6/28/03 | Infotech Specialist (Network) | GS-2210-11 |
| 6/29/03–11/01/03 | IT Specialist (SYS ADMIN) | GS-2210-11 |
| 11/02/03–present | IT Specialist (SYS ADMIN) | GS 2210-12 |

In December 2003, petitioner submitted a claim seeking firefighter retirement credits. The agency denied his claim by letter dated November 18, 2004. Petitioner timely appealed to the Board.

On July 29, 2005, an administrative judge ("AJ") issued an initial decision agreeing with the agency that petitioner was never a firefighter within the statutory meaning of the word under CSRS or FERS. The AJ first determined that petitioner's service was covered by CSRS through December 31, 1986 and by FERS since January 1, 1987, its effective date. Weatherby, slip op. at 6-7.

The AJ found that petitioner's first job as an Electronic Mechanic Helper involved the maintenance and repair of electronic communications equipment used by firefighters but did not satisfy the CSRS definition because his duties were performed solely in the radio shop, not at the fire scene. Id., slip op. at 9. Likewise, the job description for his next job as an Electronic Mechanic did not mention work near fires, though it did refer to physically demanding work sometimes performed in "extremely cold, windy weather on mountaintops." With respect to petitioner's actual day-to-day duties, he was not assigned to any fire incidents until June 1986, when he was sent to a command center[1] handling four simultaneous fires in Alaska. The AJ acknowledged that petitioner's work installing repeaters[2] and distributing radio kits[3] during these four

---

[1]    Usually, a command center is close enough to a fire that it would need to be moved if the fire spread in an unexpected direction. But it is not at the fire line.

[2]    A repeater is a device with a large mast antenna and a power source temporarily installed on a mountaintop to facilitate radio communications among firefighters. Petitioner was responsible for installing and maintaining repeaters during the fire and removing them afterwards.

[3]    A radio kit is a set of sixteen handheld radios issued to firefighters.

fires was similar to the type of work found to satisfy the CSRS definition of "firefighter" in Felzien v. Office of Personnel Management, 930 F.2d 898, 903 (Fed. Cir. 1991). Weatherby, slip op. at 12. The AJ noted that only other fire-related incident to which petitioner was assigned before December 31, 1986 was a temporary assignment to the Boise Interagency Fire Center—i.e., not on the fire line—in August 1986. Id., slip op. at 11. Because petitioner's exposure to hazardous fire conditions was limited to a single occasion in June 1986—unlike Mr. Felzien, who worked at "hundreds of fires," Felzien 930 F.2d at 899—the AJ declined to find that the primary duties of his service before December 31, 1986 met the CSRS definition of "firefighter." Weatherby, slip op. at 12.

The AJ then analyzed the remainder of petitioner's service under FERS. He noted that this court, in Felzien, found that work with repeaters and radio kits was not the type of front-line firefighting duties that would satisfy the first clause of the CSRS definition—i.e., "work directly connected with the control and extinguishment of fires." Id., slip op. at 13. Because this language was preserved in the FERS definition of "firefighter," the AJ determined that petitioner's work after January 1, 1987 was not eligible for firefighter credit. Id. The AJ similarly concluded that petitioner's other positions as an Electronic Mechanic did not meet the FERS definition of "firefighter." Id., slip op. at 13-15. Having found that no service from July 26, 1984 to July 20, 1997 was entitled to primary firefighter coverage under 5 U.S.C. § 8401(14)(A), the AJ found that petitioner was not entitled to "secondary" firefighter coverage under 5 U.S.C. § 8401(14)(B) for any service thereafter in administrative or supervisory positions. Id., slip op. at 15.

On August 29, 2005, petitioner sought review from the full Board. On December 29, 2005, the Board denied further review, rendering the AJ's decision final. This timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

We review the Board's decision by determining whether any agency action, findings or conclusions are unsupported by substantial evidence or are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c). Statutory or regulatory interpretations, however, like other questions of law, are reviewed de novo. Kindall v. Office of Pers. Mgmt., 347 F.3d 930, 932 (Fed. Cir. 2003).

As a preliminary matter, petitioner asserts that the CSRS definition of "firefighter" must apply through November 19, 1988, the terminal date of his position, because a service position cannot be temporally bifurcated. This argument lacks merit. Because he had fewer than five years of service as of January 1, 1987, the AJ correctly found that petitioner was subject to FERS as soon as the Federal Employees Retirement System Act of 1986, 5 U.S.C. §§ 8401-8479, became effective. See 5 U.S.C. § 8402; Connor v. Office of Pers. Mgmt., 104 F.3d 1344, 1348 (Fed. Cir. 1997) (construing § 8402(b)(2)(B) to allow employees who have accumulated five years of creditable service before January 1, 1987 to opt out of FERS and remain covered under CSRS instead). The FERS Act, by its express terms, became effective on January 1, 1987. Therefore, petitioner's continued service after that date was governed by FERS even though his position did not change. Petitioner did not cite any authority to the contrary.

06-3121                                     6

On the merits, substantial evidence supports the AJ's finding that petitioner's primary duties before December 31, 1986 did not involve the type of firefighting work contemplated by the CSRS definition. In extending special retirement benefits to firefighters, Congress intended "that employees must be exposed to some hazard to qualify even under the maintenance and use clause." Felzien, 930 F.2d at 902; see also H.R. Rep. No. 92-840 (1972), reprinted in 1972 U.S.C.C.A.N. 2941, 2944. Until June 1986, however, petitioner's maintenance and repair of electronic communications equipment was confined to the safety of the radio shop. With respect to the four fires in June 1986, the AJ recognized that petitioner's duties performed while assigned to the command center were similar to Felzien's work as a communications officer. Yet, unlike Felzien, who had done such work regularly, petitioner's exposure to hazardous fire conditions was limited to this one occasion. This was insufficient to demonstrate that the primary duties of his Electronic Mechanic position deviated from his official job description and concerned front-line firefighting activity.

Petitioner concedes that the definition of "firefighter" under FERS is more restrictive. Not only was the "sufficiently rigorous" clause added by the FERS Act, but the "maintenance and use of firefighting apparatus and equipment" clause was deleted. Moreover, the Senate Report expressly states that the FERS definition only applies where the employee "will actually and directly participate in firefighting activities." S. Rep. No. 99-166, at 40 (1985), reprinted in 1986 U.S.C.C.A.N. 1404, 1445. We have previously found that "work directly connected with the control and extinguishment of fires" means "the type of front-line firefighting duties so obviously hazardous and physically demanding that they supply the ordinary meaning of 'firefighting.'" Felzien,

930 F.2d at 902. The maintenance of firefighting equipment is perhaps <u>indirectly</u> connected with such front-line firefighting duties but does not satisfy 5 U.S.C. § 8401(14)(A)(i). Because both subsections (i) and (ii) must be satisfied to earn firefighter credit, it is insufficient that some of petitioner's other job duties were physically rigorous.

In short, the AJ correctly held that none of petitioner's service as an Electronic Mechanic after January 1, 1987 qualified for firefighting credit under the FERS definition. This holding was heavily dependent on subsidiary findings of fact that were supported by substantial evidence. Accordingly, none of his subsequent administrative positions could qualify for secondary firefighter credit.

### III.   CONCLUSION

For these reasons, we affirm the Board's decision. Petitioner's claim for enhanced annuity benefit credits was properly denied by the agency whose decision was lawfully and correctly upheld by the Board.

<u>AFFIRMED</u>.